UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>OLD REPUBLIC INSURANCE COMPANY,<br><br>    Defendant. | Case No. 5:16-cv-07219-EJD<br><br>**ORDER GRANTING MOTION TO BIFURCATE AND STAY**<br><br>Re: Dkt. No. 27 |

In this action between liability insurers, Plaintiff Zenith Insurance Company[1] seeks a declaration fully or partially absolving it of responsibility for the payment of a settlement arising out of a state-court action for injuries sustained in an automobile accident. Zenith and Defendant Old Republic Insurance Company ("Old Republic") both participated in the defense of the state court action and equally paid a portion of the $3 million settlement proceeds based on potential coverage under their respective policies. But Zenith claims that the Old Republic policy qualifies as "primary insurance" for the accident by virtue of California Insurance Code § 11580.9(d), and that Old Republic should consequently reimburse Zenith for the settlement funds it paid. For its part, Old Republic contends in counter and third-party claims that Zenith is responsible for the settlement payment due to a contractual arrangement between their respective insureds.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Presently before the court is a motion by Zenith and Third Party Defendant Ramirez Harvest Company, Inc. to (1) bifurcate the question of whether Insurance Code § 11580.9(d) controls the priority of the Zenith and Old

---

[1] The moving defendants will both be referred to as "Zenith" since their interests in this issue coincide.

1

Case No.: 5:16-cv-07219-EJD
ORDER GRANTING MOTION TO BIFURCATE AND STAY

Republic policies from all other issues in the case, and (2) stay discovery on issues other than the application of Insurance Code § 11580.9(d) until the court rules on that section's impact on the parties' claims. Dkt. No. Old Republic opposes the motion.

Because this matter is suitable for decision without oral argument, the hearing scheduled for July 6, 2017, is VACATED. As to Zenith's motion, the court finds, concludes and orders as follows:

1. Zenith's bifurcation request is governed by Federal Rule of Civil Procedure 42(b), which permits the separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize." The rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). It also implicitly confers on the district court the "power to limit discovery to the segregated issues." Ellingson Timber Co. v. Great N. Ry. Co., 424 F.2d 497, 499 (9th Cir. 1970).

2. Factors relevant to the issue of bifurcation include, but are not limited to: "complexity of issues, factual proof, risk of jury confusion, difference between the separated issues, the chance that separation will lead to economy in discovery, and the possibility that the first trial may be dispositive of the case." MySpace, Inc. v. Graphon Corp., 732 F. Supp. 2d 915, 917 (N.D. Cal. 2010). "Bifurcation should be ordered only when it will result in judicial economy and will not unduly prejudice any party." Id.

3. Insurance Code § 11580.9(d) was enacted to sort out disputes that arise "where the same person is insured by several insurers separately in respect to the same subject and interest," a situation known as "double insurance." Mission Ins. Co. v. Hartford Ins. Co., 155 Cal. App. 3d 1199, (1984) (citing Cal. Ins. Code § 590). Indeed, "[t]he statute, where applicable, makes a definitive imposition of primary and/or excess liability on insurers in given situations." Hartford Accident & Indem. Co. v. Sequoia Ins. Co., 211 Cal. App. 3d 1285, 1296-97 (1989). It provides, in relevant part, that:

> [W]here two or more policies affording valid and collectible liability

> insurance apply to the same motor vehicle or vehicles in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by that policy in which the motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy or policies shall be excess.

4. Zenith argues that bifurcating the issue of whether § 11580.9(d) applies to the Old Republic policy and staying discovery related to all other matters would satisfy the requirements of Rule 42(b). To that end, Zenith contends a bifurcation could obviate the need to try the other issues in the case - including those related to Old Republic's counter and third-party claims - thereby promoting a potentially expeditious resolution and conserving judicial resources. Zenith also states the amount of discovery necessary to litigate the bifurcated issue would be minimal and may simply involve production of the Old Republic policy declarations, production of the underwriting file, and a deposition of Old Republic's designated corporate representative.

5. In opposition, Old Republic makes three arguments. First, it argues bifurcation is unnecessary because § 11580.9(d) is inapplicable, as the automobile involved in the accident is not "described or rated" in the relevant policy. See Ohio Cas. Ins. Co. v. Aetna Ins. Co., 85 Cal. App. 3d 521, 524 (1978) (holding the "commensense understanding" of "described or rated" is a "particularization of the vehicle."). Second, Old Republic contends a bifurcation would not resolve the indemnity issues raised by its contract-based claims, which it believes will still need to be tried since they are not governed by § 11580.9(d). Third, Old Republic suggests a bifurcation will unnecessarily prolong the case and impair its ability to gather evidence in support of its indemnity claims.

6. Having considered the parties' respective positions in light of the applicable legal standard, the court is persuaded by Zenith's argument. The limited issue of § 11580.9(d)'s effect on this action, if any, is legally and factually distinct from the indemnity issues raised by Old Republic's claims and is therefore easily separated out. It is also an issue, as Zenith recognizes, that will require a minimal factual investigation and can be presented and decided with minimal delay. And the court is not convinced that staying discovery on other issues will unduly prejudice

3
Case No.: 5:16-cv-07219-EJD
ORDER GRANTING MOTION TO BIFURCATE AND STAY

1    Old Republic or prevent it from obtaining relevant information since such a stay will be
2    temporary. Notably, Old Republic has not cited any specific evidence it believes will be lost if it
3    cannot undertake discovery related to other issues now.

4    7.    Furthermore, the parties' disagreement over the application of § 11580.9(d) to the Old Republic policy is not one that can be sorted out in a motion such as this one, though the court appreciates the preview of the arguments. Important, however, is observing that while Old Republic's opinion on the matter appears to have some legal support, Zenith's does as well. Moreover, this contested issue appears pivotal enough to determining responsibility for the proceeds paid to conclude the state court action that its early resolution presents a significant opportunity to defer further litigation costs if it either proves dispositive or increases the potential for settlement.

Thus, having found the relief requested promotes efficiency and economy and does not unduly prejudice Old Republic, Zenith's motion is GRANTED.

The question of whether § 11580.9(d) controls the priority of the Zenith and Old Republic policies will be bifurcated from all other issues in the case. In conjunction with the bifurcation, discovery is stayed on all issues other than the application of § 11580.9(d) until further order of the court.

Because this decision will likely have an impact on scheduling, the Case Management Conference scheduled for July 6, 2017, is VACATED. Instead, the parties shall file an updated Joint Case Management Conference Statement on or before **July 13, 2017**, which includes a proposed schedule accounting for the bifurcation. The court will review the statement and issue a Case Management Order or schedule a conference if necessary.

**IT IS SO ORDERED.**

Dated: July 5, 2017

EDWARD J. DAVILA
United States District Judge

4
Case No.: 5:16-cv-07219-EJD
ORDER GRANTING MOTION TO BIFURCATE AND STAY