**WEST CORZINE, LLP**
Eugene F. West, Esq. (State Bar No. 102033)
250 N. Westlake Blvd., Ste. 100
Westlake Village, California 91362
Tel.: (805) 388-5887
Fax: (805) 370-1613
E-mail: efwest@westcorzinelaw.com

Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff, OLD REPUBLIC INSURANCE COMPANY

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br>OLD REPUBLIC INSURANCE COMPANY and ST PAUL FIRE & MARINE INSURANCE COMPANY,<br>Defendants. | Case No. 5:16-cv-07219-HRL<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW** |
| AND RELATED CROSS-ACTIONS | Date: March 15, 2018<br>Time: 9:00 am<br>Dept: 4, 5th Floor |

**TO ALL PARTES AND TO THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rule IV.B., of the Standing Order for Civil Cases, Defendant, Old Republic Insurance Company ("ORIC") hereby submits the following Separate Statement of Uncontroverted Facts and Conclusions of Law in Support of its Motion for Summary Judgment against Plaintiff, Zenith Insurance Company, filed concurrently herewith.

| Claim | Moving Party's Undisputed Facts/ Supporting Evidence | Opposing Party's Undisputed Facts/ Supporting Evidence |
|---|---|---|
| **Claims 1 – 3.[1] Declaratory Relief Equitable Indemnity Subrogation** | | |
| 1. Two or more policies apply to the same loss. | Fact 1. On June 20, 2013, Rafael Resendiz was assigned by his employer, third party defendant, Ramirez Harvest Company, Inc., ("Ramirez") to pick up parts needed at the Gonzales processing plant operated by Ramirez.<br><br>Request for Judicial Notice, Complaint ¶ 10. | |
| | Fact 2. On June 20, 2013, Mr. Resendiz was involved in a motor-vehicle accident involving a vehicle occupied by John K. Grant.<br><br>Request for Judicial Notice, Complaint ¶ 9. | |
| | Fact 3: Mr. Resendiz was operating a 2008 Chevrolet Silverado pickup truck (VIN 1GCE14X88Z293180) ("the accident vehicle"), owned by Taylor Farms at the time of the accident.<br><br>Request for Judicial Notice, Complaint ¶ 9; West decl., ¶¶ 3-6, Ex. 1-3. | |
| | Fact 4: Mr. Grant sued Taylor Farms, Ramirez Harvest and Rafael Resendiz for alleged injuries in Monterey County Superior Court, case number M124128 (hereinafter, "the subject accident").<br><br>Request for Judicial Notice. | |

[1] The Claims and Facts stated herein apply equally to all of the claims asserted by the plaintiff against the defendant as all such claims, and Phase 1 of this bifurcated matter, involve the alleged application of Insurance Code § 11580.9(d) to the policy MWTB 22027, issued by defendant.

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

| Claim | Moving Party's Undisputed Facts/ Supporting Evidence | Opposing Party's Undisputed Facts/ Supporting Evidence |
|---|---|---|
| | Complaint ¶ 10. | |
| | Fact 5: At the time of the subject accident, Taylor Farms ("TFFI") was insured on policy number MWTB 22027, issued by ORIC.<br><br>Request for Judicial Notice, Complaint ¶ 15; Wachtler decl., ¶ 9; Moore decl., ¶ 5. | |
| | Fact 6: Ramirez Harvest was insured on policies issued by Zenith Insurance Company, number CFP 00008508-01.<br><br>Request for Judicial Notice, Complaint ¶¶ 12 and 13. | |
| 2. Policy number MWTB-22027 is a fleet policy written through the Terra Group captive. | Fact 7: From 02/01/11 through 05/01/15, TFFI was a member of The Terra Group. The Terra Group is a member-owned, group captive insurance company, administered through Alternative Risk Underwriting, Inc., ("ARU").<br><br>Moore decl., ¶ 3; Wachtler decl., ¶ 6. | |
| | Fact 8. From 02/01/11 through 05/01/15, TFFI obtained Business Auto Insurance through The Terra Group and ARU, written by ORIC.<br><br>Moore decl., ¶ 4; Wachtler decl., ¶ 6. | |
| 3. Insurance Code 11580.9(d) is inapplicable as owned vehicles are not "described" in policy number MWTB-22027. | Fact 9: Policy MWTB-22027, is written through the captive on a fleet basis. The policy declarations pages specifies this is a "Symbol 1" policy.<br><br>Moore decl., ¶¶ 5-6, Ex. 1, pp. 2-6 & 36; Wachtler decl., ¶ 8. | |
| | Fact 10: "Symbol 1" provides coverage for "any auto" used by TFFI, irrespective of whether or not TFFI owns the vehicle. The policy provides coverage for "any auto" used by TFFI, and no description or particularization of the | |

West Corzine LLP — Insurance & Business Attorneys

| Claim | Moving Party's Undisputed Facts/ Supporting Evidence | Opposing Party's Undisputed Facts/ Supporting Evidence |
|---|---|---|
| | vehicles is part of the policy.<br><br>Moore decl., ¶ 7, Ex. 1, p.36. | |
| | Fact 11: Policy number MWTB-22027 does not particularize or describe owned vehicles.<br><br>Moore decl., ¶¶ 6-8; Wachtler decl., ¶ 8. | |
| | Fact 12: Individual vehicles are not scheduled on any policy issued to members of The Terra Captive.<br><br>Moore decl., ¶¶ 6-7; Wachtler decl., ¶ 8. | |
| | Fact 13: Coverage under the policy is not dependent on the presence or absence of a vehicle on a schedule. Coverage is defined as "any auto" irrespective of the contents of a list.<br><br>Moore decl., ¶ 7; Wachtler decl., ¶ 8, 19-20. | |
| | Fact 14: There is nothing in policy number MWTB 22027 (or any other Terra captive auto policy) that makes the contents of a vehicle list a part of the policy. The policy declarations page indicates that the company has a list on file but nothing in the declarations page or elsewhere in the policy makes a vehicle list or vehicle schedule a part of the policy.<br><br>Moore decl., ¶ 8; Wachtler decl., ¶ 18. | |
| | Fact 15: The "list on file with the company" is provided to ORIC by the captive manager after coverage is rated and bound but the list serves no purpose in coverage determinations, no underwriting purpose and it is not used in the rating of the | |

West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

| Claim | Moving Party's Undisputed Facts/ Supporting Evidence | Opposing Party's Undisputed Facts/ Supporting Evidence |
|---|---|---|
| | policy.<br><br>Moore decl., ¶ 11; Wachtler decl., ¶ 17. | |
| | Fact 16: The information used by ARU and ORIC for policy renewal does not include a list or schedule of vehicle.<br><br>Wachtler decl., ¶ 10-11, Ex. 2; Moore decl., ¶ 12. | |
| | Fact 17: Policy MWTB-22027 has a 6 page "Forms Index" that identifies every coverage form and schedule which together make up the entire policy.<br><br>Moore decl., ¶ 10. | |
| | Fact 18: No vehicle list or schedule of vehicles is contained in the "Forms Index" or in policy MWTB-22027.<br><br>Moore decl., ¶ 10. | |
| 4. Insurance Code 11580.9(d) is inapplicable as the accident vehicle was not "described" on "the list on file with the company" during the term of policy MWTB 22027. | Fact 19: ORIC receives a list of vehicles for each insured from ARU after renewal coverage is bound.<br><br>Moore decl., ¶ 21. | |
| | Fact 20: The list of vehicles ORIC received from ARU upon issuance of MWTB-22027, did not identify, describe or particularize a 2008 Chevrolet Silverado, vehicle identification number 1GCE14X88Z293180.<br><br>Moore decl., ¶¶ 21-22, Ex. 5. | |
| 5. Insurance Code 11580.9(d) is inapplicable as owned vehicles are not "rated" on policy number MWTB-22027. | Fact 21: The rating of group captive policies, including policy MWTB 22027, was done by the captive manager, ARU, as a single program, not for individual insureds or individual policies. | |

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

| Claim | Moving Party's Undisputed Facts/ Supporting Evidence | Opposing Party's Undisputed Facts/ Supporting Evidence |
|---|---|---|
| | Wachtler decl., ¶¶ 5-6; Moore decl., ¶ 13. | |
| | Fact 22: ARU develops rates for the entire Terra Group captive and sends a collective renewal notebook to ORIC for the program.<br><br>Wachtler decl., ¶ 11; Moore decl., ¶ 12. | |
| | Fact 23: The renewal information requested from insureds by ARU does not include particularization or identification of vehicles.<br><br>Wachtler decl., ¶ 12, Ex. 2 | |
| | Fact 24: Based on the renewal information obtained from the members of the captive, ARU rates the program and submits a Renewal Notebook to ORIC.<br><br>Wachtler decl., ¶¶ 11-12; Moore decl., ¶ 12. | |
| | Fact 25: The Renewal Notebook does not include individual vehicle descriptions or vehicle lists.<br><br>Wachtler decl., ¶ 11; Moore decl., ¶ 12. | |
| | Fact 26: No particularization, individual vehicle description(s) or vehicle list is used in underwriting or rating the policy.<br><br>Wachtler decl., ¶¶ 8, 10 & 16. | |
| | | |
| | Fact 27: The entire captive program is rated as a whole.<br><br>Wachtler decl., ¶¶ 11-14. | |
| | Fact 28: The auto liability insurance for the captive group is not rated based on the value, age, make, model, use or location of any vehicle. | |

West Corzine LLP Insurance & Business Attorneys

| Claim | Moving Party's Undisputed Facts/ Supporting Evidence | Opposing Party's Undisputed Facts/ Supporting Evidence |
|---|---|---|
| | Moore decl., ¶ 16. | |
| | Fact 29: Policy MWTB-22027 is a composite rated policy.<br><br>Moore decl., ¶ 17, Ex. 2; Wachtler decl., ¶¶ 14-15, Ex. 3. | |
| | Fact 30: The factors used by ARU and ORIC to develop the composite rate for the captive's auto coverage include contributions to the dividend pool, the risk sharing pool, the total loss pool, reinsurance costs and expenses including administration fee, retail administration fee, fronting fee, broker fees, captive fees, claim administration fees, and taxes.<br><br>Wachtler decl., ¶¶ 14 - 16, and Ex. 3.; Moore decl., ¶ 13. | |
| | Fact 31: The elements of the composite rate do not involve particularization of any vehicle. Indeed, particular vehicles are not a factor in the rating of the policy.<br><br>Wachtler decl., ¶¶ 7 & 18. | |
| | Fact 32: ARU as captive manager assigns premium and expense components among the captive members and issues renewal quotes to each member of the captive.<br><br>Wachtler decl., ¶ 7. | |
| | Fact 33: Once a policy premium is assigned, a composite rate per unit is determined by dividing the total number of vehicles into the total policy premium.<br><br>More decl., ¶ 17, Ex. 2. | |
| | Fact 34: The policy does not particularize a rate for any particular vehicle. | |

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

| Claim | Moving Party's Undisputed Facts/ Supporting Evidence | Opposing Party's Undisputed Facts/ Supporting Evidence |
|---|---|---|
| | Moore decl., ¶ 17, Ex. 2. | |
| | Fact 35: The policy does not charge a premium for every particular vehicle in an insured's fleet in any policy year.<br><br>Moore decl., ¶¶ 19-20. | |
| | Fact 36: Each policy is audited after the end of the policy term.<br><br>Moore decl., ¶ 18. | |
| | Fact 37: The audit requests the insured to report the number of vehicles in the fleet at the end of the policy.<br><br>Moore decl., ¶¶ 18-19, Ex., 3 & 4. | |
| | Fact 38: The final premium adjustment (credit or debit) is determined based on the average number of vehicles in the fleet, applying the composite rate to the average number of vehicles, and deducting the initial premium from the final premium.<br><br>Moore decl., ¶¶ 18-19, Ex., 3 & 4. | |
| | Fact 39: Policy MWTB-22027 did not assess a composite premium charge for every vehicle in TFFI's fleet during the policy year.<br><br>Moore decl., ¶ 19, Ex., 3 & 4. | |
| | Fact 40: Policy MWTB-22027 did not assess a composite premium charge for the accident vehicle or any individual vehicle.<br><br>Moore decl., ¶ 20. | |

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

Dated: January 28, 2018

**WEST CORZINE LLP**

By: ______________________
Eugene F. West, Esq.
Attorney for Defendant, Counterclaimant and Third-Party Plaintiff, Old Republic Insurance

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS