**WEST CORZINE, LLP**
Eugene F. West, Esq. (State Bar No. 102033)
250 N. Westlake Blvd., Ste. 100
Westlake Village, California 91362
Tel.: (805) 388-5887
Fax: (805) 370-1613
E-mail: efwest@westcorzinelaw.com

Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff, OLD REPUBLIC INSURANCE COMPANY

West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br>OLD REPUBLIC INSURANCE COMPANY and ST PAUL FIRE & MARINE INSURANCE COMPANY,<br>Defendants. | Case No. 5:16-cv-07219-HRL<br>**[PROPOSED] STATEMENT OF DECISION AND ORDER GRANTING DEFENDANT OLD REPUBLIC INSURANCE COMPANY'S MOTON FOR SUMMARY JUDGMENT** |
| AND RELATED CROSS-ACTIONS | Date: March 15, 2018<br>Time: 9:00 am<br>Dept: 4; 5th Floor |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE THAT** on March 15, 2018, at 9:00 a.m., a hearing was held in Courtroom 4, 5th Floor, of the United Stated District Court for the Northern District of California, San Jose Division, pm the Motion for Summary Judgment of Defendant, Old Republic Insurance Company, pursuant to Rule 56 of the Federal Rules of Civil Procedure against plaintiff, Zenith Insurance Company ("Zenith"). Appearances were as stated on the record at the time of the hearing.

After full consideration of the papers submitted by the parties, the oral arguments of counsel, the pleadings on file herein, good cause appearing therefore, and for the following reasons, the Court GRANTS the Motion of Old Republic Insurance Company.

## 1. PROCEDURAL HISTORY

On January 19, 2016, plaintiff, Zenith Insurance Company ("Plaintiff") commenced this action in this Court asserting claims for relief for Declaratory Relief, Equitable Indemnity and Equitable Subrogation against defendant, Old Republic Insurance Company ("Defendant"). In each claim for relief, Plaintiff alleges that California Insurance Code § 11580.9(d) renders Defendant's policy of insurance primary for a loss dated June 20, 2013, before the policies of insurance issued by Plaintiff. (Docket No. 1.)

On February 6, 2017, Defendant responded to the complaint by the filing of an Answer, Counter-Claim and Third-Party Complaint, asserting multiple claims against Plaintiff/Counter-Defendant, Zenith Insurance Company and Third-Party Defendant, Ramirez Harvest Company, Inc. (Docket No. 20.)

On July 5, 2017, this Court granted Plaintiff's motion to bifurcate the question of whether Insurance Code § 11580.9(d) controls the priority of the respective policies. (Docket No. 41.)

The Case Management Order of July 13, 2017, set a hearing date on dispositive motions applicable to Phase 1 of this matter for March 15, 2018. (Docket No. 43.)

## 2. FACTUAL BACKGROUND

On June 20, 2013, Rafael Resendiz was assigned by his employer, third party defendant, Ramirez Harvest Company, Inc., ("Ramirez") to pick up parts needed at the Gonzales processing plant operated by Ramirez. (UF 1.) Mr. Resendiz used a 2008 Chevrolet Silverado pickup truck (vehicle identification number 1GCE14X88Z293180) ("the accident vehicle"), owned by Taylor Farms to perform this task. (UF 3.) On June 20, 2013, Mr. Resendiz rear-ended a 1993 Ford Ranger pickup occupied by John K. Grant. Mr. Grant sustained serious injuries in the accident, as alleged in Monterey County Superior Court, case number M124128 (hereinafter, "the subject accident"). (UF 3 & 4.) The Grant case included Taylor Farms, Ramirez Harvest and Rafael Resendiz as named defendants. At the time of the subject accident, Taylor Farms was an insured on policy number MWTB 22027, issued by ORIC (UF 5) and Ramirez Harvest was insured on policies issued by Zenith Insurance Company, number CFP 00008508-01. (UF 6.)

The Grant case was settled on July 11, 2016, for the amount of three million dollars ($3,000,000.00) with equal contributions from ORIC (on behalf of Taylor Farms) and Zenith (on behalf of Ramirez). (Cx., ¶ 22.)

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

The policy of insurance issued by ORIC does not describe or rate any particular vehicles.

### 3. LEGAL STANDARD: Summary Judgment

"A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed. R. Civ. P. 56(a). Federal law mandates that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* See also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("Celotex").

A fact is material when, under the governing substantive law, the fact could affect the outcome of the case. See*, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* One of the principal purposes of Rule 56 is to "isolate and dispose of factually unsupported claims or defenses." *Celotex, supra*, 477 U.S. at 323-24.

Federal law also provides for partial summary judgment on "part of each claim or defense." Fed. R. Civ. P. 56(a). Moreover, "(i)f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact - including an

item of damages or other relief - that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

**4. CALIFORNIA INSURANCE CODE § 11580.9(D) IS INAPPLICABLE TO DETERMINE PRIORITY OF COVERAGE UNDER POLICY NUMBER MWTB 22027.**

Insurance Code § 11580.9(d), where applicable, creates a conclusive presumption that the "policy in which the motor vehicle is described or rated as an owned automobile" is primary and other applicable policies are excess. However, Insurance Code § 11580.9(d), is inapplicable where the accident vehicle is neither "described nor rated" on the policy.

Insurance Code § 11580.9(d), states:

"Except as provided in subdivisions (a), (b), and (c), where two or more policies affording valid and collectible insurance apply to the same motor vehicle or vehicles in an occurrence out of which a liability loss shall arise, it shall be conclusively presumed that the insurance afforded by the policy in which a motor vehicle is described or rated as an owned automobile shall be primary and the insurance afforded by any other policy shall be excess."

A long line of cases has made clear that the statutory requirement that the vehicle be "described or rated," refers to particularization. *Mercury Cas. Co. v. Hertz Corp.*, 59 Cal.App.4th 414, 422, 69 Cal.Rptr.2d 9, 13 (1997) ("To 'describe or rate' a vehicle means a particularization of the vehicle."); *Grand Rent A Car Corp. v. 20th*




WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

*Century Ins, Co*., 25 Cal. App. 4th 1242, 1253, 31 Cal. Rptr 2d 88, 94 (1994) ("This conclusive presumption [of subdivision (d) requires that the primary policy 'particularize' the vehicle."); *Hartford Accident & Indem. Co. v. Sequoia Ins. Co*., 211 Cal.App.3d 1285, 1297-1298, 260 Cal.Rptr.190 (1989); *Interinsurance Exchange. v. Spectrum Investment Corp*., 209 Cal.App.3d 1243, 1253, 258 Cal.Rptr. 43 (1989).

Policy MWTB 22027 does not particularize or describe any vehicles. No list of vehicles is contained in the policy or otherwise forms a part of the policy. (Moore Declaration, ¶¶ 6-8, Ex., 1.) No list of vehicles is used for purposes of underwriting the policy or making coverage determinations under the policy. (Moore Declaration, ¶ 9.) In addition, the accident vehicle was not described in the list [of vehicles] on file with the company during the term of policy number MWTB-22027. (Moore Declaration, ¶¶ 22-25, Ex. 5.)

Policy number MWTB 22027 was issued to Taylor Fresh Foods, Inc., (and additional named insureds, including Taylor Farms) as a member of a captive insurance group, *to wit*: The Terra Group. (Moore Declaration, ¶¶ 3-5, Ex. 1.) Policy number MWTB 22027, is a composite rated policy based on multiple captive risk pools and experience exposures. (Moore Declaration, ¶¶ 14-15, Ex. 6; Wachtler Declaration, ¶¶ 8, 10, 15-16, Ex. 3.) The rating of the policy does not involve rating particular or vehicles. (Wachtler Declaration, ¶ 16.) None of the rating factors used to determine the composite rate involve any particular vehicle. (Moore Declaration, ¶

15; (Wachtler Declaration, ¶ 16.) The captive group, including policy MWTB 22027, is underwritten and rated as a whole, and vehicle schedules are not part of the underwriting or rating process. (Wachtler Declaration ¶¶ 6, 8, 10-13; Ex. 2.; and, Moore Declaration, ¶ 13-15.)

**5. CONCLUSION.**

As the Court finds that the uncontroverted evidence shows that there is no genuine dispute as to any material facts, the Court hereby GRANTS the Motion for Summary Judgment of Defendant, Old Republic Insurance Company, on the grounds that policy number MWTB 22027, does not describe or rate the accident vehicle, as delineated above and ORDERS that judgment enter in favor of Defendant and against Plaintiff in this action.

IT IS SO ORDERED.

Dated: ____________________

____________________________________
HON. EDWARD J. DAVILA
United States District Judge