Karen L. Uno (SB #117410)
kuno@bkscal.com
David P. Borovsky (SB #216588)
dborovsky@bkscal.com
BECHERER KANNETT & SCHWEITZER
1255 Powell Street
Emeryville, CA 94608
Telephone: (510) 658-3600
Facsimile: (510) 658-1151

Attorneys for Plaintiff ZENITH INSURANCE COMPANY and Third Party Defendant RAMIREZ HARVEST COMPANY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

ZENITH INSURANCE COMPANY,

Plaintiff,

vs.

OLD REPUBLIC INSURANCE COMPANY and ST. PAUL FIRE & MARINE INSURANCE COMPANY;

Defendants.

And related Counter-Claim and Third Party Complaint.

CASE No. 5:16-cv-07219-EJD

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Date: March 15, 2018
Time: 9:00 a.m.
Judge: Hon. Edward J. Davila

| **Claim or Defense** | **Plaintiff's Undisputed Facts Supporting Evidence** | **Defendants' Response / Supporting Evidence** |
|---|---|---|
| **General Facts** | | |
| 1. On July 23, 2013, plaintiff John K. Grant filed a personal injury lawsuit in Monterey County Superior Court, Case No. M124128 (the "***Grant*** complaint"). The complaint alleged a single cause of action for negligence arising from an automobile accident that took place on June 20, 2013, in which the plaintiff alleges that he was driving his vehicle on US 101 near Salinas when he was struck by a 2008 Chevy Silverado driven by Rafael Resendiz and sustained injuries as a result. | **Plaintiff's RJN, Ex. 1** (***Grant*** Complaint).<br><br>**Dkt. No. 1** (Plaintiff's Complaint) ¶9.<br><br>**Dkt. No. 20** (ORIC's Answer) ¶9. | |
| 2. The ***Grant*** complaint named the following defendants who were allegedly negligent and responsible for his injuries: (1) the driver of the Taylor truck, Mr. Resendiz; (2) Taylor Fresh Foods, Inc. dba Taylor Farms, alleged to be the owner of the truck and an employer of Mr. Resendiz; and (3) Ramirez Harvest Company, also alleged to be an employer of Mr. Resendiz. | **Plaintiff's RJN, Ex. 1** (***Grant*** complaint). | |
| 3. On July 11, 2016, the ***Grant*** lawsuit was settled for the total sum of $3 million, in exchange for a release of all defendants. The settlement was funded on an equal shares basis by Zenith and ORIC. ORIC paid $1.5 million under its Business Auto Policy, | **Dkt. No. 1** (Plaintiff's Complaint) ¶22.<br><br>**Dkt. No. 20** (ORIC's Answer) ¶22. | |

| | | |
|---|---|---|
| and Zenith paid $1.5 million (the $1 million limit under the Zenith Commercial Auto Policy plus $500,000 under the Zenith Commercial Umbrella Policy). | | |
| 4. The 2008 Chevy Silverado truck, VIN # 1GCEC14X88Z293180 which was involved in the ***Grant*** lawsuit accident (the "Accident Vehicle"), was owned by Taylor Farms Retail, Inc., an insured under the ORIC policy (discussed below). | **Uno Decl., Ex. A** [Golden Depo.] p. 15:3 – 14, 16:13 – 17:10, Ex. 2 to Golden Depo. (Certificate of Title).<br><br>**Dkt. No. 20** (ORIC Counterclaim) ¶11. | |
| 5. Taylor Farms Retail owned the Accident Vehicle since approximately January of 2012, including at the time of the June 20, 2013 automobile accident. | **Uno Decl., Ex. A** [Golden Depo.] p. 15:3 – 14, 16:13 – 17:10, Ex. 2 to Golden Depo. (Certificate of Title).<br><br>**Dkt. No. 20** (ORIC Counterclaim) ¶11. | |
| 6. Taylor sent a request to Aon (Taylor's insurance broker at the time) to add the Accident Vehicle to its schedule of owned vehicles on January 10, 2012. | **Borovsky Decl. Ex. A** [Ouye Depo.] p. 25:9-26:13, Ex. 3 to Ouye Depo. (January 10, 2012 email exchange). | |
| 7. Aon (and later Alliant) sent "proof of insurance" cards to Taylor for the Accident Vehicle, including January 2012, March 2012, and (only days before the accident) on June 17, 2013. | **Borovsky Decl. Ex. A** [Ouye Depo.] p. 27:3 – 28:19, 33:19 – 35:4, 37:15-40:11, Ex. 4 to Ouye Depo. (January 10, 2012 email with insurance cards), Ex. 6 to Ouye Depo. (March 16, 2012 email with insurance cards), Ex. 7 to Ouye Depo. (June 17, 2013 email with insurance cards). | |
| 8. ORIC issued Business Auto Policy No. MWTB 22027 to | **Dkt. No. 37-1** [Moore | |

| | | |
|---|---|---|
| Taylor Fresh Foods, Inc. Taylor Farms Retail, Inc. and related entities (collectively "Taylor"), which was in effect from May 1, 2013 to May 1, 2014. This policy has a $2 million per accident limit. The declarations for the ORIC policy contains a field for "SCHEDULE OF COVERED AUTOS YOU OWN" under which ORIC inserted the language, "ON FILE WITH THE COMPANY." | Declaration] p. 10, 11, 24. | |
| 9. The estimated total premium indicated on the declarations for the ORIC Policy is $756,264.00. | **Uno Decl. Ex. B** [ORIC 30(b)(6) Depo.] p. 25:9-18.<br><br>**Dkt. No. 37-1**, [Moore Decl.] p. 10. | |
| 10. Zenith issued Commercial Auto Policy No. CFP 00008508-01 to Ramirez Harvest Company, Inc., in effect, from June 17, 2013 to June 17, 2014, with a $ 1 million per accident limit (the "Zenith Commercial Auto Policy"). The premium charged to Ramirez for this policy was $650.00. | **Van Parys Decl., Ex. A.** | |
| 11. In addition, Zenith issued a commercial umbrella policy, policy No. CFP 00008508-01 to Ramirez Harvest Company, in effect from June 17, 2013 to June 17, 2014, with a $2 million each occurrence limit (the "Zenith Commercial Umbrella Policy"). | **Van Parys Decl., Ex. B.** | |
| **Issue #1 – The ORIC Policy "Rated" The Accident Vehicle As An Owned Vehicle** | | |

| | | |
|---|---|---|
| 12. The ORIC Policy contains a "composite rate endorsement" that accurately describes the process used by ORIC and Old Republic Risk Management to calculate premium for the ORIC Policy. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 19:25-20:5, Ex. 9 to same deposition (Moore Decl.), p. Moore 0028. | |
| 13. ORRM is a wholly owned subsidiary of ORIC, and is responsible for the supervision and management of policies that are issued by ORIC. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 8:25 – 9:6. | |
| 14. Per the composite rate endorsement, the first step in determining premium is to consider the number of vehicles reported by the insured to ORIC. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 20:18-21:16, Ex. 9 to same deposition (Moore Decl.), p. Moore 0028. | |
| 15. For the ORIC Policy, the vehicle count reported at inception was 321. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 23:19-22, Ex. 9 to same deposition (Moore Decl.), p. Moore 0028. | |
| 16. For the ORIC Policy, ORIC received a schedule of vehicles to verify the initial vehicle count of 321 vehicles, which is part of the ORIC underwriting file. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] 26:18-27:23. | |
| 17. The "composite rate" charged for each vehicle is specified on the composite rate endorsement: $1,965.7165 per power unit for "auto liability" and $386.6262 per power unit for "auto physical damage". | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 22:20-23:1; Ex. 9 to same deposition (Moore Decl.), p. Moore 0028. | |
| 18. As explained by the Composite Rate Endorsement, the initial | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] Ex. 9 to | |

| | | |
|---|---|---|
| premium charge for the ORIC policy was calculated by multiplying the beginning count of vehicles of 321 by the composite rate of $1,965.7165 for "Auto Liability" coverage for each vehicle resulting in a premium charge of $630,995. Also, for each of the 321 vehicles there was a charge of $386.6262 for "Auto Phys. Damage" coverage for a premium charge of $124,107. The sum of these figures, $630,995 and $124,107, with the addition of a minor "surcharge" of $1,162 comprise the total premium charged for the ORIC policy at inception of $756,624. | same deposition (Moore Decl.), p. Moore 0028. | |
| 19. The composite rate applied to each vehicle to determine the premium charge was based upon a number of factors including but not limited to loss history, number of vehicles to be insured, amount of deductible, type of vehicle, and garage location. | **Uno Decl., Ex. C** [Moore Depo.] p. 32:2-33:19, 35:13 – 36:16, Ex. 30 (ARU Loss Rating Model).<br><br>**Uno Decl. Ex. B** [ORIC 30(b)(6) Depo.] p. 28:3-25. | |
| 20. As set forth by the Composite Rate Endorsement, the final premium for the ORIC Policy is only determined after a "final vehicle total" based upon an "ending" vehicle count is reported to ORIC following the expiration of the policy. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] pp. 21:17-22:5; 22:6-9; Ex. 9 to same deposition (Moore Decl.) p. Moore 0028. | |
| 21. The final premium to be charged to the ORIC Policy was determined by totaling the beginning and ending counts, dividing this by two (averaging) and multiplying this by the | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 22:10 – 16; 48:15-23; Ex. 9 to same deposition (Moore Decl.) p. Moore 0028. | |

| | | |
|---|---|---|
| composite rate. | | |
| 22. The "ending count" of 344 vehicles for the Policy was calculated by Pyramid Audit Solutions ("Pyramid"), a company hired by ORIC to perform the audit for the ORIC Policy. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 11:20 – 12:1; 17:2-8; 50:12-51:21; 51:25-52:8, 53:7-12, Ex. 14 to same deposition (Pyramid Audit Form), p. ORIC 1957. | |
| 23. Pyramid received an audit request form dated June 12, 2014 from ORIC for the Policy, which indicated (among other things) that ORIC had estimated 321 power units for the Policy. | **Uno Decl., Ex. D** [Chiaramonte Depo.] p. 18:17 – 19:9; 23:10-22, Ex. 20 to Chiaramonte deposition (Audit Request Form). | |
| 24. Pyramid understood the request to seek a determination of the vehicle count for the insured as of May 1, 2014, the expiration date of the ORIC Policy. | **Uno Decl., Ex. D** [Chiaramonte Depo.] p. 23:3 – 25:1, Ex. 20 to Chiaramonte deposition (Audit Request Form). | |
| 25. Pyramid sent the request form to auditor David Goldschlag, who met with Taylor to perform the audit. | **Uno Decl., Ex. D** [Chiaramonte Depo.] p. 26:22-27:2.<br><br>**Uno Decl. Ex. E** [Goldschlag Depo.] p. 12:12 – 17, 17:14 – 18:9, Ex. 20 to Goldschlag deposition (Audit Request Form). | |
| 26. The auditor (Mr. Goldschlag) then prepared an Audit Report and sent it back to Pyramid along with a Vehicle Schedule that was provided to him by Taylor. | **Uno Decl., Ex. D** [Chiaramonte Depo.] p. 29:8 – 25; Exhibit 21 to Chiaramonte deposition (Audit Report); 30:20 – 31:11; Exhibit 22 to Chiaramonte deposition (Vehicle Schedule). | |

| | | |
|---|---|---|
| | **Uno Decl. Ex. E** [Goldschlag Depo.] 16:7 – 17:3, Exhibit 21 to Goldschlag deposition (Audit Report); 29:17 – 22; 33:7 – 11; Ex. 22 to Goldschlag deposition (Vehicle Schedule). | |
| 27. The Pyramid Audit Report prepared by the auditor (Mr. Goldschlag) contains a vehicle end count of 344. | **Uno Decl., Ex. D** [Chiaramonte Depo.] Exhibit 21 to Chiaramonte deposition (Audit Report) p. PYRAMID 0002 and 0004.<br><br>**Uno Decl. Ex. E** [Goldschlag Depo.] p. 20:20 -21:13; Exhibit 21 to Goldschlag deposition (Audit Report), p. PYRAMID 0002 and 0004. | |
| 28. In calculating the total vehicle count of 344, the auditor (Mr. Goldschlag) considered a list of vehicles provided by Taylor and took into account the listed additions and deletions specified by the insured in determining that number. | **Uno Decl. Ex. E** [Goldschlag Depo.] p. 20:20-21:13, 25:10 – 26:18. | |
| 29. The Accident Vehicle was one of the vehicles counted by the auditor (Mr. Goldschlag) in reaching his total of 344 vehicles. | **Uno Decl. Ex. E** [Goldschlag Depo.] p. 26:19 – 28:12, Ex. 22 to Goldschlag deposition (Vehicle Schedule) p. PYRAMID 0082. | |
| 30. On October 7, 2014, Pyramid sent the Audit Report and Vehicle Schedule to ORIC. | **Uno Decl., Ex. D** [Chiaramonte Depo.] p. 31:21 – 33:17, Ex. 21 to Chiaramonte deposition (Audit Report) and Ex. 22 to | |

| | | |
|---|---|---|
| | Chiaramonte deposition (Vehicle Schedule). | |
| 31. The Vehicle Schedule sent by Pyramid to ORIC references 344 "Total Power Units" on the first page, and specifically identifies the Accident Vehicle by VIN number, year, make, model, other information. | **Uno Decl., Ex. D** [Chiaramonte Depo.] Exhibit 22 to Chiaramonte deposition (Vehicle Schedule), p. PYRAMID 0019 (reference to 344 vehicles total); PYRAMID 0082 (reference to Accident Vehicle). | |
| 32. The final vehicle count of 344 was used by ORIC to determine the final premium calculated for the ORIC Policy. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 51:25-52:8, 53:7-12. | |
| 33. Specifically, to determine additional premium owed on the ORIC Policy, ORIC took an average of the initial vehicle count of 321 and ending vehicle count of 344, which results in a figure of 332.5. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 49:25-50:7, 50:8-11, 75:18-76:6, Ex. 13 to same deposition (ORIC Audit Form), p. ORIC 1655. | |
| 34. That number, 332.5, was rounded up to 333 and then multiplied by the composite rate per unit in order to calculate additional premium for the Policy. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 76:7-25;<br><br>**Uno Decl., Ex. C** [Moore Depo.] p. 41:3 – 21, Ex. 32 to Moore deposition (ORIC Audit Form), Ex. 33 to Moore deposition (ORIC Audit Calculation Form). | |
| 35. Because that number (333) was higher than the original vehicle count of 321, ORIC charged Taylor an additional $28,229.00 in premium after the audit was | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 65:15 – 66:7; Ex. 9 to same deposition (Moore Decl.), p. | |

| | | |
|---|---|---|
| complete. | Moore 260. | |
| 36. That additional premium charge was set forth in an endorsement to the ORIC Policy that stated the endorsement was "effective 05/01/13" the inception date of the policy. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] Ex. 9 to same deposition (Moore Decl.), p. Moore 260. | |
| **Issue #2 – The ORIC Policy "Describes" The Accident Vehicle As An Owned Vehicle** | | |
| 28. In calculating the total vehicle count of 344, the auditor (Mr. Goldschlag) considered a list of vehicles provided by Taylor and took into account the listed additions and deletions specified by the insured in determining that number. | **Uno Decl., Ex. E** [Goldschlag Depo.] p. 20:20-21:13, 25:10 – 26:18. | |
| 29. The Accident Vehicle was one of the vehicles counted by the auditor (Mr. Goldschlag) in reaching his total of 344 vehicles. | **Uno Decl., Ex. E** [Goldschlag Depo.] p. 26:19 – 28:12, Ex. 22 to Goldschlag deposition (Vehicle Schedule) p. PYRAMID 0082. | |
| 30. On October 7, 2014, Pyramid sent the Audit Report and Vehicle Schedule to ORIC. | **Uno Decl., Ex. D** [Chiaramonte Depo.] p. 31:21 – 33:17, Ex. 21 to Chiaramonte deposition (Audit Report) and Ex. 22 to Chiaramonte deposition (Vehicle Schedule). | |
| 31. The Vehicle Schedule sent by Pyramid to ORIC references 344 "Total Power Units" on the first page, and specifically identifies the Accident Vehicle by VIN number, year, make, model, other | **Uno Decl., Ex. D** [Chiaramonte Depo.] Exhibit 22 to Chiaramonte deposition (Vehicle Schedule), p. PYRAMID 0019 (reference to 344 | |

| | | |
|---|---|---|
| information. | vehicles total); PYRAMID 0082 (reference to Accident Vehicle). | |
| 32. The final vehicle count of 344 was used by ORIC to determine the final premium calculated for the ORIC Policy. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 51:25-52:8, 53:7-12. | |
| 37. The Declarations page for Policy No. MWTB 22027, effective May 1, 2013 to May 1, 2014 ("the Policy") contains a section entitled "Item Three – Schedule of Covered Autos You Own". In this field, the Declarations states "ON FILE WITH THE COMPANY" under Item 3. | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] Exh. 9 to same deposition (Moore Decl.) p. Moore 0011. | |
| 38. ORIC has confirmed that this phrase is a reference to "vehicle lists that are within [ORIC's] underwriting files". | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 45:12-46:2, Ex. 9 to same deposition (Moore Decl.) p. Moore 0011. | |
| 39. The ORIC underwriting files for Taylor include a spreadsheet dated January 8, 2014 that lists the Accident Vehicle as a "Light Truck", and identifies the truck by year, make, model, vehicle ID #, garage zip code, state, original cost new, radius, type and "class code." | **Uno Decl., Ex. B** [ORIC 30(b)(6) Depo.] p. 54:8-17, Ex. 15 to same deposition (January 8, 2014 spreadsheet), p. ORIC 01719. | |

///

///

///

///

*I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.*

Dated: January 31, 2018

By: ______________________
DAVID P. BOROVSKY
Attorneys for Plaintiff ZENITH INSURANCE COMPANY and Third Party Defendant RAMIREZ HARVEST COMPANY, INC.