**WEST CORZINE, LLP**
Eugene F. West, Esq. (State Bar No. 102033)
250 N. Westlake Blvd., Ste. 100
Westlake Village, California 91362
Tel.: (805) 388-5887
Fax: (805) 370-1613
E-mail: efwest@westcorzinelaw.com

Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff, OLD REPUBLIC INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br>OLD REPUBLIC INSURANCE COMPANY and ST PAUL FIRE & MARINE INSURANCE COMPANY,<br>Defendants. | Case No. 5:16-cv-07219-EJD<br><br>**OLD REPUBLIC INSURANCE COMPANY'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF ZENITH INSURANCE COMPANY** |
| AND RELATED CROSS-ACTIONS | Date: March 15, 2018<br>Time: 9:00 am<br>Dep't: 4; 5th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendant, Old Republic Insurance Company (hereinafter, "ORIC"), hereby respectfully submits this Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary Judgment. Defendant's opposition is based on the grounds that:

////

(a) Contrary to the assertions in Plaintiff's moving papers, charging premium on an auditable, fleet policy is not the equivalent of rating a vehicle on the policy. *Ohio Casualty Ins. Co., v. Aetna Insurance Company* (1978) 85 Cal. App. 3d 521, 149 Cal. Rptr. 562;

(b) Insurance Code § 11580.9(d) is inapplicable as vehicles are not particularized in the rating or underwriting of the policy issued by ORIC;

(c) Zenith's moving papers conflate the composite rate endorsement with the methodology utilized to rate the policy; and,

(d) No vehicles are "described" in the policy issued by ORIC.

This Opposition is based upon this Memorandum of Points and Authorities, the Defendant's Separate Statement of Disputed and Undisputed Facts, the Declarations of Robert Nicholas Moore (Document 52), the Declaration of Anne Wachtler (Document 51) and upon such further evidence as may be presented at or before the hearing on this matter.

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

Dated: February 13, 2018

**WEST CORZINE LLP**

By: ________________
Eugene F. West, Esq.
Attorney for Defendant,
Counterclaimant and Third-Party
Plaintiff, Old Republic Insurance Co.

# TABLE OF CONTENTS


1. THE MOVING PAPERS CONFLATE THE RATING PROCESS .......... 5

a. Rating of the Policy .......... 5

b. Composite Rate Endorsement .......... 6

2. NO VEHICLES, INCLUDING THE ACCIDENT VEHICLE ARE "DESCRIBED" IN POLICY MWTB-22027 .......... 8

3. THE ACCIDENT VEHICLE WAS NOT DESCRIBED OR RATED ON THE POLICY AT THE TIME OF THE ACCIDENT .......... 13

4. INSURANCE CODE § 11580.9(d), DOES NOT EXTEND TO DEFENSE COSTS .......... 14

5. CONCLUSION .......... 15


WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

# TABLE OF AUTHORITIES

## CASES

*Grand Rent A Car Corp. v. 20th Century Ins, Co.*,
25 Cal. App. 4th 1242, 1253, 31 Cal. Rptr 2d 88, 94 (1994)................... 10

*Hartford Accident & Indem. Co. v. Sequoia Ins. Co.*,
211 Cal.App.3d 1285, 1297-1298, 260 Cal.Rptr.190 (1989............... 10, 13

*Highlands Insurance Company v. Continental Casualty Company*,
64 F.3d 514, 519 (9th Cir., 1995)............................................ 8, 12

*Interinsurance Exchange. v. Spectrum Investment Corp.*,
209 Cal.App.3d 1243, 1253, 258 Cal.Rptr. 43 (1989).................. 10, 11, 12

*Mercury Cas. Co. v. Hertz Corp.*,
59 Cal.App.4th 414, 422, 69 Cal.Rptr.2d 9, 13 (1997)........................ 10

*Ohio Casualty Ins. Co., v. Aetna Insurance Company.*
85 Cal. App. 3d 521, 149 Cal. Rptr. 562; (1978).................... 5, 8, 9, 10, 12

*Scottsdale Indemnity Company v. National Continental Ins. Co.*,
229 Cal.App.4th 1166, 1171, 177 Cal.Rptr.3d 6485 (2014)....................... 8

## STATUTES

Insurance Code § 11580.9(d)........................................ 8, 9, 11, 12, 13, 14, 15

## OTHER AUTHORITIES

Cal. Practice Guide Ins. Litigation (The Rutter Group 2016) § 8:50...................... 5

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

**1. <u>THE MOVING PAPERS CONFLATE THE RATING PROCESS.</u>**

Charging premium on an auditable, fleet policy is not the equivalent of rating a vehicle in the policy. *Ohio Casualty Ins. Co., v. Aetna Insurance Company* (1978) 85 Cal. App. 3d 521, 149 Cal. Rptr. 562. A vehicle is rated when it is particularized in a policy. No such particularization of vehicles exists in the underwriting or rating of the ORIC policy. "The normal method of "particularization" of a vehicle is to state its Vehicle Identification Number (VIN). Listing a vehicle as "owned" *without* stating its VIN or identifying it in any other way is *not* a sufficient particularization to make it a primary policy under § 11580.9(d). [*Ohio Cas. Ins. Co. v. Aetna Ins. Co.,* supra, 85 CA3d at 524, 149 C[al]R[ptr] at 563-564]." See, *Croskey, et al.,* Cal. Practice Guide Ins. Litigation (The Rutter Group 2016) § 8:50. No VIN number is assigned to any rate or rating factor on the ORIC policy.

There is a difference between the rating of the policy and the composite rate endorsement of the policy. In general terms, the policy is rated based on multiple factors, described below. As particularized vehicle rates are not developed in the rate model, some method is necessary to "true up" the policy premium upon audit. The composite rate endorsement is that method. However, as described below, neither the policy rating process nor the composite rate endorsement, particularize any vehicle.

**a. <u>Rating of the Policy</u>**

Automobile liability coverage, through the Terra Group Captive, is written on a fleet basis. Individual vehicles are not scheduled on any policy issued to members of

the Terra Captive. In the course of the renewal process, no schedule of vehicles is provided by ARU to ORIC until after the premium has been established, the renewal proposals have been issued, the renewal policies have been bound and policy numbers issued. (Wachtler Declaration ¶¶ 7, 8, 12 & 14.)

The rating elements for the policy include contributions to the dividend pool, the risk sharing pool, the total loss pool, reinsurance costs and expenses including administration fee, retail administration fee, fronting fee, broker fees, captive fees, claim administration fees, and taxes. None of which involve particularization of vehicles. (Wachtler Declaration ¶¶ 15 - 16, and Ex. 3.; and, Moore Declaration, ¶ 13.) Consequently, the policy premium is developed independent of the particular vehicles covered under the policy.

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

**b. <u>Composite Rate Endorsement</u>**

After the policy premium is determined, the premium is divided by the total number of reported vehicles to determine a unit price. This unit price has nothing to do with the rating of the policy; however, the unit price is only used to adjust the policy premium at the end of the policy term following an audit. The unit price is not particularized, and it does not vary based upon the value, age, make, model, type, use, mileage or location of the vehicles. The composite rate is the same for a new Mercedes sportscar and an old Chevrolet pickup. (Moore Declaration ¶ 17, Ex. 2.)

At the end of the policy term an audit is performed to determine the average number of vehicles in the fleet. (Moore Declaration ¶ 18.) The composite unit rate is

applied to the average number of vehicles in the insured's fleet based on an audit at the end of the policy term. (Moore Declaration ¶ 18.) The composite rate is not applied to every vehicle in the insured's fleet but only to the average number of vehicles in the fleet. If the average number of vehicles in the insured's fleet is lower than the original reported number, the insured receives a return of premium. If the average number of vehicles is higher than the original reported number, then an additional premium endorsement is issued to reflect the composite rate for the average number of vehicles … but not for every vehicle in the fleet throughout the policy year.

For policy year 2013-2014, TFFI reported 321 vehicles in its fleet at the inception of the policy. At the year-end audit, TFFI reported 344 vehicles. ORIC did not charge TFFI for each of the 344 vehicles. Consistent with the composite rate endorsement of the policy, ORIC calculated the average number of vehicles in the fleet (321+344÷2) and applied the composite premium to the additional vehicles. (Moore Declaration ¶ 19, Ex. 3 and Ex. 4.) ORIC assessed premium for 333 vehicles not the 344 vehicles reported in the fleet.

Significantly, ORIC does not assess premium for every vehicle in the fleet during the year; and, no particularized premium rate is assigned to any particular vehicle. (Moore Declaration ¶ 20.)

Contrary to the assertions in the moving papers, the premium in the ORIC policy is not particularized per vehicle. The composite rate endorsement does not particularize a vehicle as it applies a common rate to the average number of vehicles




WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

in the fleet. The policy does not apply a particular rate to a particular vehicle. Consequently, Insurance Code § 11580.9(d) is inapplicable to determine the priority of coverage under policy number MWTB 22027, as no vehicles, including the accident vehicle, are rated on the policy.

## 2. NO VEHICLES, INCLUDING THE ACCIDENT VEHICLE ARE "DESCRIBED" IN POLICY MWTB-22027.

Contrary to the unsupported conclusions in Zenith's moving papers, policy MWTB 22027 does not describe any vehicles. "A vehicle is described or rated when it is **particularized** in a policy." *Scottsdale Indemnity Company v. National Continental Ins. Co.*, (2014) 229 Cal.App.4th 1166, 1171, 177 Cal.Rptr.3d 648; (see also, *Ohio Casualty Ins. Co., v. Aetna Insurance Company* (1978) 85 Cal. App. 3d 521, 149 Cal. Rptr. 562). [Emphasis added.] It is not enough that the policy covered owned vehicles. For Insurance Code § 11580.9, to apply, individual vehicles must be described or rated in the policy. (See, *Highlands Insurance Company v. Continental Casualty Company*, 64 F.3d 514, 519 (9th Cir., 1995).)

As a fleet policy, no vehicles are "particularized" in policy MWTB 22027. (Moore Declaration, ¶ 6, Ex., 1.) The policy declarations pages do not contain a schedule of vehicles. (Moore Declaration, ¶ 8, Ex., 1.) In the space provided on the Declarations Page(s) for a schedule of vehicles, the policy states: "on file with the company." However, the policy does not list, schedule, describe or particularize any vehicle(s). (Moore Declaration, ¶ 8, Ex., 1.) Contrary to Zenith's assertions, the ORIC policy does not incorporate any such list into its policy and there is no authority which



West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

makes any such list, a part of the policy. The ORIC policy contains many schedules and the list of policy forms identifies each of the schedules which form a part of the policy. The list of vehicles is not part of the policy; the schedule of vehicles is not on the list of policy forms and there are no terms or provisions in the policy which make a vehicle schedule part of the policy or otherwise incorporate the contents of any vehicle list into the policy. Indeed, a vehicle schedule serves no purpose on a Symbol 1 policy. (Moore Declaration, ¶¶ 10, Ex. 1, pages 19-24.)

The courts that have dealt with this issue have consistently held that Insurance Code § 11580.9(d) does not apply to fleet or audit insurance. Like the subject policy, fleet insurance typically does not describe or particularize vehicles. Plus, schedules are meaningless under "Symbol 1" policies as "Any Auto" is covered by the policy whether or not it is on a list.

In *Ohio Casualty Ins. Co., v. Aetna Insurance Company* (1978) 85 Cal. App. 3d 521, 149 Cal. Rptr. 562, the Court determined that Insurance Code § 11580.9(d), applies only to vehicles rated and described on the policy. The statute did not apply to make coverage primary on a "fleet" or "audit" policy unless the particular vehicle was described or rated in the policy. In *Ohio Casualty Ins. Co., v. Aetna Insurance Company, Id.,* the two insurance carriers jointly resolved several personal injury claims subject to a subsequent action to establish priority of coverage and/or apportion liability. Both the Ohio Casualty policy and the Aetna policy covered the accident vehicle. However, the Ohio Casualty policy was a fleet policy, similar to the ORIC

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

policy herein. The Ohio Casualty fleet policy did not describe or rate any particular vehicle. In rejecting Aetna's claim that the Ohio Casualty policy was primary because it covered all "owned vehicles," the Court of Appeal observed: "[t]he court is bound by the statute which requires description or rating; this, in commonsense understanding, means a particularization of the vehicle." *Ohio Casualty Ins. Co., v. Aetna Insurance Company, Id.,* at 524. The Ohio Casualty policy was a fleet policy, subject to audit, structurally similar to the auditable fleet policy issued by ORIC in this case. Insurance Code § 11580.9(d), was inapplicable to the Ohio Casualty policy as the policy did not describe or rate any particular vehicle. The same analysis applies to make Insurance Code § 11580.9(d), inapplicable to determine priority of coverage on ORIC policy MWTB 22027.

A long line of cases has made clear that the statutory requirement that the vehicle be "described or rated," refers to particularization. *Mercury Cas. Co. v. Hertz Corp.*, 59 Cal.App.4th 414, 422, 69 Cal.Rptr.2d 9, 13 (1997) ("To 'describe or rate' a vehicle means a particularization of the vehicle."); *Grand Rent A Car Corp. v. 20th Century Ins, Co.*, 25 Cal. App. 4th 1242, 1253, 31 Cal. Rptr 2d 88, 94 (1994) ("This conclusive presumption [of subdivision (d) requires that the primary policy 'particularize' the vehicle."); *Hartford Accident & Indem. Co. v. Sequoia Ins. Co.*, 211 Cal.App.3d 1285, 1297-1298, 260 Cal.Rptr.190 (1989); *Interinsurance Exchange. v. Spectrum Investment Corp.*, 209 Cal.App.3d 1243, 1253, 258 Cal.Rptr. 43 (1989).

In, *Interinsurance Exchange v. Spectrum Investment Corp., supra,* the Court of Appeal refused to apply Insurance Code § 11580.9(d), absent evidence that one or both policies described or rated the accident vehicle as an owned vehicle. In *Interinsurance Exchange v. Spectrum Investment Corp, Id.,* the defendant, Spectrum (Budget) rented a car to Ms. Corcoran. Ms. Corcoran was insured by the Auto Club. Ms. Corcoran was involved in an accident while operating the rental car. The Auto Club policy did not "describe or rate" the rental vehicle. Budget satisfied the financial responsibility requirements of the Vehicle Code by the filing of a cash deposit, not an insurance policy.

The Auto Club sued Spectrum (Budget) asking the Court to determine that Spectrum had the primary obligation to defend Ms. Corcoran and provide indemnity for the accident under Insurance Code § 11580.9(d). The Auto Club asserted that Spectrum was primary because the Auto Club policy did not describe or rate the accident vehicle.

The trial court concluded that Insurance Code § 11580.9(d) was inapplicable to determine priority of coverage as neither policy described or rated the accident vehicle. The Court of Appeal examined the legislative history underlying Insurance Code § 11580.9(d) and affirmed the decision of the trial court on the grounds that Insurance Code § 11580.9(d) is only applicable where one or more of the policies describe or rate the accident vehicle as an owned vehicle. Moreover, in declining to apply Insurance Code § 11580.9(d), the Court of Appeal observed: "[e]ven where the

automobile rental company had a true liability insurance policy, if it was a fleet or audit policy—a not unlikely situation—under *Ohio Cas. Ins. Co.* it would not be primary according to the terms of subdivision (d). *Interinsurance Exchange v. Spectrum Investment Corp.*, *Id.*, at 1254.

Citing *Ohio Casualty Ins. Co., v. Aetna Insurance Company, Id.,* the U. S. Court of Appeals for the Ninth Circuit, in *Highlands Insurance Company v. Continental Casualty Company*, 64 F.3d 514, 519 (9th Cir., 1995) determined that "a policy which merely describes a vehicle as "owned" and does not particularize the vehicle in any other way is not a primary policy as defined by Insurance Code § 11580.9(d)."

In *Highlands Insurance Company v. Continental Casualty Company, Id.,* there were 4 policies applicable to a single accident. Continental Casualty issued 2 of the 4 policies. One of Continental's policies was determined to be primary under Insurance Code § 11580.9(d). Continental argued that Highlands' policy was primary over Continental's remaining policy because the Highlands' policy covered all owned vehicles. The 9th Circuit rejected Continental's argument, concluding that covering all "owned" vehicles, was not enough to implicate Insurance Code § 11580.9(d), unless the policy specifically describes and rates the vehicle.

In addition, as discussed in *Highlands Insurance Company v. Continental Casualty Company, Id.,* being on a list referred to within a policy does not sufficiently particularize the vehicle for purposes of § 11580.9(d). (Citing, Hartford Accident &

Indemnity Co. v. Sequoia Ins. Co. (1989) 211 Cal.App.3d 1285, 1301; 260 Cal.Rptr. 190, 198.

In the instant case, the policy issued by ORIC is a "fleet" or "audit" policy which covered all vehicles. However, as aforementioned, the policy does not describe, list or particularize any vehicle and it does not describe, list or particularize the accident vehicle. Consequently, Insurance Code § 11580.9(d) is inapplicable to determine priority of coverage in this matter.

**3. <u>THE ACCIDENT VEHICLE WAS NOT DESCRIBED OR RATED ON THE POLICY AT THE TIME OF THE ACCIDENT.</u>**

Plaintiff has previously asserted that the "list on file with the company" in the Declarations page is a sufficient reference to make the accident vehicle "described" in the policy. As aforementioned, the "list on file with the company" is not part of the policy. (See, Section 4, *infra*.) However, the evidence demonstrates that the "list on file with the company" did not include any reference to the accident vehicle. The accident vehicle was not described on the list on file with ORIC during the term of policy MWTB 22027. Although the absence of the accident vehicle from the list makes no difference from an underwriting, coverage or rating perspective, it is fatal to the argument that Insurance Code § 11580.9(d), is applicable to the policy.

ORIC received a list of vehicles for each insured from ARU after renewal coverage is bound. The list of vehicles received by ORIC from ARU after coverage was bound on policy MWTB 22027 is attached to the Declaration of Nicholas Moore,

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

marked Exhibit 5. ORIC maintained this list in its files. (Moore Declaration, ¶ 21, Ex. 5.)

The list of vehicles on file with ORIC on June 20, 2013, did not identify, describe or particularize a 2008 Chevrolet Silverado, vehicle identification number 1GCE14X88Z293180. (Moore Declaration, ¶ 22, Ex. 5.) The accident vehicle was included among the vehicles reported in the audit at the end of the policy and it was part of the numbers used to calculate the average number of vehicles in the fleet throughout the policy year. But, the accident vehicle was not "described" on the "list on file with the company" during the policy period and it was not used to rate any part of the policy. Consequently, Insurance Code § 11580.9(d), is inapplicable to a determination of priority of coverage under policy MWTB 22027.

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

## 4. INSURANCE CODE § 11580.9(d), DOES NOT EXTEND TO DEFENSE COSTS.

The moving papers seek an award of defense fees and costs relating to the *Grant* case, however, assuming arguendo, even if Insurance Code § 11580.9(d) applies to determine priority of coverage there is no authority for extending its application to costs of defense. No such authority is cited in the moving papers. Zenith's insured, Ramirez Harvest, is not an insured under the ORIC policy and ORIC had no duty to defend Ramirez Harvest, in the underlying action. There is no contractual or equitable basis upon which Zenith is entitled to recovery of costs incurred in defending its

insured, even if Insurance Code § 11580.9(d) applies to determine priority of indemnity coverage.

## 5. CONCLUSION

As the accident vehicle is neither described nor rated on policy number MWTB 22027, Insurance Code § 11580.9(d), is inapplicable to a determination of priority of coverage. Defendant, Old Republic Insurance Company respectfully requests that the Court reject Plaintiff's Motion for Summary Judgment and enter judgment in favor of Old Republic Insurance Company as a matter of law.

Dated: February 13, 2018

**WEST CORZINE LLP**

By: ______________________
Eugene F. West, Esq.
Attorney for Defendant,
Counterclaimant and Third-Party
Plaintiff, Old Republic Insurance Co.

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS