**WEST CORZINE, LLP**
Eugene F. West, Esq. (State Bar No. 102033)
250 N. Westlake Blvd., Ste. 100
Westlake Village, California 91362
Tel.: (805) 388-5887
Fax: (805) 370-1613
E-mail: efwest@westcorzinelaw.com

Attorneys for Defendant, Counterclaimant and Third-Party Plaintiff, OLD REPUBLIC INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| ZENITH INSURANCE COMPANY,<br>Plaintiff,<br>vs.<br>OLD REPUBLIC INSURANCE COMPANY and ST PAUL FIRE & MARINE INSURANCE COMPANY,<br>Defendants. | Case No. 5:16-cv-07219-EJD<br>**OLD REPUBLIC INSURANCE COMPANY'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT SUMMARY** |
| AND RELATED CROSS-ACTIONS | Date: March 15, 2018<br>Time: 9:00 am<br>Dep't: 4; 5th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendant, Old Republic Insurance Company (hereinafter, "ORIC") hereby submits the following memorandum of points and authorities in REPLY to plaintiff's

////

///

opposition to the motion for summary judgment summary judgment filed by ORIC pursuant to Fed. R. Civ. P. 56.

Dated: February 20, 2018

**WEST CORZINE LLP**

By: ______________________
Eugene F. West, Esq.
Attorney for Defendant, Counterclaimant and Third-Party Plaintiff, Old Republic Insurance Co.

## TABLE OF CONTENTS


1. NO VEHICLES, INCLUDING THE ACCIDENT VEHICLE, ARE RATED IN POLICY MWTB-22027 ............ 5

2. THE MOVING PAPERS IGNORE THE EVIDENCE CONCERNING THE RATING PROCESS AND DISTORT THE PURPOSE AND EFFECT OF THE COMPOSITE RATE ENDORSEMENT ............ 8

   a. Rating of the Policy ............ 8

   b. Composite Rate Endorsement ............ 9

3. THE DECLARATIONS OF ANNE WACHTLER AND NICHOLAS MOORE, IN SUPPORT OF ORIC'S MOTION, ARE COMPETENT TO SUPPORT THE FACTS AND CONCLUSIONS CONTAINED THEREIN ............ 11

4. CONCLUSION ............ 13


West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

# TABLE OF AUTHORITIES

## CASES

*Avidity Partners, LLC v. State of California* (2013) 221 Cal.App.4th 1180 .......... 7

*Grand Rent A Car Corp. v. 20th Century Ins, Co.*, 25 Cal. App. 4th 1242, 1253, 31 Cal. Rptr 2d 88, 94 (1994) .......... 6

*Hartford Accident & Indem. Co. v. Sequoia Ins. Co.*, 211 Cal.App.3d 1285, 1297-1298, 260 Cal.Rptr.190 (1989 .......... 6

*Highlands Insurance Company v. Continental Casualty Company*, 64 F.3d 514, 519 (9th Cir., 1995) .......... 5, 6

*Interinsurance Exchange. v. Spectrum Investment Corp.*, 209 Cal.App.3d 1243, 1253, 258 Cal.Rptr. 43 (1989) .......... 6

*Mercury Cas. Co. v. Hertz Corp.*, 59 Cal.App.4th 414, 422, 69 Cal.Rptr.2d 9, 13 (1997) .......... 6

*Ohio Casualty Ins. Co., v. Aetna Insurance Company.* 85 Cal. App. 3d 521, 149 Cal. Rptr. 562; (1978) .......... 5, 6

*Scottsdale Indemnity Company v. National Continental Ins. Co.*, 229 Cal.App.4th 1166, 1171, 177 Cal.Rptr.3d 6485 (2014) .......... 5

## STATUTES

Insurance Code § 11580.9(d) .......... 11, 13, 14

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

## 1. NO VEHICLES, INCLUDING THE ACCIDENT VEHICLE, ARE RATED IN POLICY MWTB-22027.

Plaintiff's argument, that the list "ON FILE WITH COMPANY" is incorporated into the insurance policy is without factual or legal support. "A vehicle is described or rated when it is **particularized** in a policy." *Scottsdale Indemnity Company v. National Continental Ins. Co.*, (2014) 229 Cal.App.4th 1166, 1171, 177 Cal.Rptr.3d 648; (see also, *Ohio Casualty Ins. Co., v. Aetna Insurance Company* (1978) 85 Cal. App. 3d 521, 149 Cal. Rptr. 562). [Emphasis added.] For Insurance Code § 11580.9, to apply, individual vehicles must be described or rated in the policy. (See, *Highlands Insurance Company v. Continental Casualty Company*, 64 F.3d 514, 519 (9th Cir., 1995).) No vehicles are "particularized" in policy MWTB 22027. (Moore Declaration, ¶ 6, Ex., 1.) The policy declarations pages do not contain a schedule of vehicles. (Moore Declaration, ¶ 8, Ex., 1.) In the space provided on the Declarations Page(s) for a schedule of vehicles, the policy states: "on file with the company." However, the policy does not list, schedule, describe or particularize any vehicle(s). (Moore Declaration, ¶ 8, Ex., 1.) Contrary to Zenith's assertions, the ORIC policy does not incorporate any such list into its policy and there is no authority which makes any such list, a part of the policy. The ORIC policy contains many schedules and the list of policy forms identifies each of the schedules which form a part of the policy. The list of vehicles is not part of the policy; the schedule of vehicles is not on the list of policy forms and there are no terms or provisions in the policy which make a vehicle schedule

part of the policy or otherwise incorporate the contents of any vehicle list into the policy. Indeed, a vehicle schedule serves no purpose on a Symbol 1 policy. (Moore Declaration, ¶¶ 10, Ex. 1, pages 19-24.)

A long line of cases has made clear that the statutory requirement that the vehicle be "described or rated," refers to particularization. *Mercury Cas. Co. v. Hertz Corp.*, 59 Cal.App.4th 414, 422, 69 Cal.Rptr.2d 9, 13 (1997) ("To 'describe or rate' a vehicle means a particularization of the vehicle."); *Grand Rent A Car Corp. v. 20th Century Ins, Co.*, 25 Cal. App. 4th 1242, 1253, 31 Cal. Rptr 2d 88, 94 (1994) ("This conclusive presumption [of subdivision (d) requires that the primary policy 'particularize' the vehicle."); *Hartford Accident & Indem. Co. v. Sequoia Ins. Co.*, 211 Cal.App.3d 1285, 1297-1298, 260 Cal.Rptr.190 (1989); *Interinsurance Exchange. v. Spectrum Investment Corp.*, 209 Cal.App.3d 1243, 1253, 258 Cal.Rptr. 43 (1989).

Citing *Ohio Casualty Ins. Co., v. Aetna Insurance Company, Id.,* the U. S. Court of Appeals for the Ninth Circuit, in *Highlands Insurance Company v. Continental Casualty Company*, 64 F.3d 514, 519 (9th Cir., 1995) determined that "a policy which merely describes a vehicle as "owned" and does not particularize the vehicle in any other way is not a primary policy as defined by Insurance Code § 11580.9(d)."

In addition, as discussed in *Highlands Insurance Company v. Continental Casualty Company, Id., b*eing on a list referred to within a policy does not sufficiently particularize the vehicle for purposes of § 11580.9(d). (Citing, *Hartford Accident &*

*Indemnity Co. v. Sequoia Ins. Co.* (1989) 211 Cal.App.3d 1285, 1301; 260 Cal.Rptr. 190, 198.

Zenith's reliance on *Avidity Partners, LLC v. State of California* (2013) 221 Cal.App.4th 1180, is misplaced. As a preliminary matter, the *Avidity* case has nothing to do with the structure or contents of an insurance policy. In that case the "Implementation Agreement" between the parties specified that the purpose of the implementation agreement was to ensure implementation of the terms of the Habitat Conservation Plan ("HCP") and the implementation agreement also specified that "described remedies … should any party fail to perform its obligations as set for in the HCP." The contract clearly and unequivocally incorporated the terms of the HCP into the implementation agreement. No such clear and unequivocal incorporation is express or implied in policy MWTB 22027. In *Avidity Partners, id.*, the Habitat Conservation Plan was central to the duties of the parties under the implementation agreement. Indeed, the implementation agreement was for the sole purpose of implementing the Habitat Conservation Plan. No such centrality exists with regard to the list of vehicles referenced on the declarations page of policy MWTB 22027. Indeed, as indicated in the moving papers, the "list on file with the company" serves no purpose with respect to policy MWTB 22027. Merely making reference to the existence of another document is insufficient to incorporate it into the policy. This is particularly true, where, as here, the forms list specifically defines the other documents that are incorporated into the policy. As indicated in the moving papers, the list of vehicles is

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

not part of the policy; the schedule of vehicles is not on the list of policy forms and there are no terms or provisions in the policy which make a vehicle schedule part of the policy or otherwise incorporate the contents of any vehicle list into the policy. Indeed, a vehicle schedule serves no purpose on a Symbol 1 policy. (Moore Declaration, ¶¶ 10, Ex. 1, pages 19-24.)

## 2. THE MOVING PAPERS IGNORE THE EVIDENCE CONCERNING THE RATING PROCESS AND DISTORT THE PURPOSE AND EFFECT OF THE COMPOSITE RATE ENDORSEMENT.

The moving papers confuse the rating of the policy with the composite rate endorsement. There is a difference between the rating of the policy and the composite rate endorsement of the policy. In general terms, the policy is rated based on multiple factors, described below. As particularized vehicle rates are not developed in the rate model, some method is necessary to "true up" the policy premium after the end of the policy, upon audit. The composite rate endorsement is that method. However, as described below, neither the policy rating process nor the composite rate endorsement, particularize any vehicle.

### a. <u>Rating of the Policy</u>

Automobile liability coverage, through the Terra Group Captive, is written on a fleet basis. Individual vehicles are not scheduled on any policy issued to members of the Terra Captive. In the course of the renewal process, no schedule of vehicles is

provided by ARU to ORIC until after the premium has been established, the renewal proposals have been issued, the renewal policies have been bound and policy numbers issued. (Wachtler Declaration ¶¶ 7, 8, 12 & 14.)

The rating elements for the policy include contributions to the dividend pool, the risk sharing pool, the total loss pool, reinsurance costs and expenses including administration fee, retail administration fee, fronting fee, broker fees, captive fees, claim administration fees, and taxes. None of which involve particularization of vehicles. (Wachtler Declaration ¶¶ 15 - 16, and Ex. 3.; and, Moore Declaration, ¶ 13.) Consequently, the policy premium is developed independent of the particular vehicles covered under the policy.

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS

**b. Composite Rate Endorsement**

After the policy premium is determined, the premium is divided by the total number of reported vehicles to determine a unit price. This unit price has nothing to do with the rating of the policy; however, the unit price is only used to adjust the policy premium at the end of the policy term following an audit. The unit price is not particularized, and it does not vary based upon the value, age, make, model, type, use, mileage or location of the vehicles. The composite rate is the same for a new Mercedes sportscar and an old Chevrolet pickup. (Moore Declaration ¶ 17, Ex. 2.)

At the end of the policy term an audit is performed to determine the average number of vehicles in the fleet. (Moore Declaration ¶ 18.) The composite unit rate is

applied to the average number of vehicles in the insured's fleet based on an audit at the end of the policy term. (Moore Declaration ¶ 18.) The composite rate is not applied to every vehicle in the insured's fleet but only to the average number of vehicles in the fleet. If the average number of vehicles in the insured's fleet is lower than the original reported number, the insured receives a return of premium. If the average number of vehicles is higher than the original reported number, then an additional premium endorsement is issued to reflect the composite rate for the average number of vehicles … but not for every vehicle in the fleet throughout the policy year.

For policy year 2013-2014, TFFI reported 321 vehicles in its fleet at the inception of the policy. At the year-end audit, TFFI reported 344 vehicles. ORIC did not charge TFFI for each of the 344 vehicles. Consistent with the composite rate endorsement of the policy, ORIC calculated the average number of vehicles in the fleet (321+344÷2) and applied the composite premium to the additional vehicles. (Moore Declaration ¶ 19, Ex. 3 and Ex. 4.) ORIC assessed premium for 333 vehicles not the 344 vehicles reported in the fleet.

Significantly, ORIC does not assess premium for every vehicle in the fleet during the year; and, no particularized premium rate is assigned to any particular vehicle. (Moore Declaration ¶ 20.)

Contrary to the assertions in plaintiff's opposition papers, the premium in the ORIC policy is not particularized per vehicle. The composite rate endorsement does

not particularize a vehicle as it applies a common rate to the average number of vehicles in the fleet. The policy does not apply a particular rate to a particular vehicle. Consequently, Insurance Code § 11580.9(d) is inapplicable to determine the priority of coverage under policy number MWTB 22027, as no vehicles, including the accident vehicle, are rated on the policy.

The fact that ORIC does not charge a premium for every vehicle covered by the policy is demonstrative proof that vehicles are not rated on the policy. Plaintiff argues that it is irrelevant that ORIC did not charge a premium for every vehicle covered by the policy. However, the fact that ORIC did not charge a premium for every vehicle covered by the policy it testament to the fact that individual vehicles are not rated on the policy and therefore relevant and dispositive of the claim under Insurance Code § 11580.9(d).

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

## 3. THE DECLARATIONS OF ANNE WACHTLER AND NICHOLAS MOORE, IN SUPPORT OF ORIC'S MOTION, ARE COMPETENT TO SUPPORT THE FACTS AND CONCLUSIONS CONTAINED THEREIN.

The evidence offered in support of the motion in the Declaration of Anne Wachtler (Docket 51) and Robert Nicholas Moore (Docket 52) is competent and relevant with respect to the contents, structure, underwriting and rating of policy MWYB 22027. These two witnesses are personally and directly involved in designing, underwriting, developing, managing and rating the subject policy and policies for the

entire group captive, The Terra Group. There is no merit to any of the evidentiary objections asserted by the plaintiff. For example, Zenith objects to testimony concerning how the policy rate was developed. This objection is specious in a case seeking to determining whether a vehicle is described or rated under the policy. In addition, Zenith objects to testimony that it is irrelevant that ORIC does not receive any list of vehicles until after coverage is rated and bound and that insureds are not required to report additions and deletions to the vehicle fleet to ORIC. However, these facts are relevant to demonstrate that particular vehicles are neither described not rated under the policy. Rates are determined without vehicle lists and vehicles come-and-go, covered under the policy, without being described in the policy or on any list.

There is more than adequate foundational support for the testimony of these two witnesses. As indicated in the moving papers, Anne Wachtler, (Docket 51) is personally responsible for managing and servicing the Terra Group captive and managing ARU's underwriting and rating process for all aspects of The Terra Group captive including utilizing the ARU rate models to rate new and renewal captive business, this includes policy MWTB 22027. She is also responsible for obtaining and processing renewal data, including Request(s) for Insurance Renewal Data, and for developing renewal data for transmittal to the fronting insurance carrier(s). She also manages all Renewal Proposals to retail brokers, and supervises accounting, invoicing and policy audits relating to The Terra Captive. (See, Wachtler decl., ¶ 4.) Ms.

Wachtler has personal experience and personal knowledge sufficient to support the contents of her declaration.

Similarly, Robert Nicholas Moore, is the Vice President Account Executive with Old Republic Risk Management responsible for supervision and management of the policies issued by Old Republic Insurance Company ("ORIC") to The Terra Group captive, including Taylor Fresh Foods, Inc., ("TFFI") and policy MWTB 22027. He is personally responsible for structuring the coverages and approving or negotiating rates for the group captive. He is directly involved in the group captive renewal process and he has developed the contents and structure of the policy and the elements and components of the underwriting and rating of the policy. (See, Moore decl., ¶¶ 1-2.) Here again, this witness has personal experience and personal knowledge sufficient to support the contents of his declaration.

Plaintiff's objections notwithstanding, the testimony of Ms. Wachtler and Mr. Moore is unopposed in the evidence. The declarations which lay out the process by which the subject policy is structured and rated is unchallenged by other competent evidence in this case.

## 4. CONCLUSION

As the accident vehicle is neither described nor rated on policy number MWTB 22027, Insurance Code § 11580.9(d), is inapplicable to a determination of priority of coverage under the policy. As each of plaintiff's claims for relief are predicated on the

West Corzine LLP
INSURANCE & BUSINESS ATTORNEYS

application of Insurance Code § 11580.9(d), each claim for relief is fatally defective and defendant, Old Republic Insurance Company is entitled to judgment as a matter of law on Plaintiff's complaint.

Dated: February 20, 2018February 21, 2018February 21, 2018
**WEST CORZINE LLP**

By: ______________________
Eugene F. West, Esq.
Attorney for Defendant,
Counterclaimant and Third-Party
Plaintiff, Old Republic Insurance Co.

WC West Corzine LLP INSURANCE & BUSINESS ATTORNEYS